# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

HOWARD E. MARTIN, III,

       Plaintiff,

    v.

STATE OF OHIO, *et al.*,

       Defendants.

Case No. 2:18-cv-1147
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motions for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF Nos. 4 and 5.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statements reveal that he currently possesses $6.30 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate Id Number A733696) at Chillicothe Correctional Institution ("CCI") is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

\* \* \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff, Howard E. Martin, III, a state inmate who is proceeding without the assistance of counsel, initiated this action by filing a document he labeled "NOTICE OF APPEAL," in which it appeared that he sought to directly appeal a judgment from the Ohio State Supreme Court relating to a state-court criminal conviction. (ECF No. 1.) Because Plaintiff's filing was unaccompanied by either the requisite filing fee or an application to proceed *in forma pauperis*, the undersigned issued a Notice of Deficiency and also advised Plaintiff that if he intended to file

a direct appeal, his action would be subject to dismissal pursuant to § 1915(e) because this Court lacks jurisdiction to adjudicate direct appeals from state-court judgments. (Order & Notice of Deficiency 2, ECF No. 3.) The undersigned further advised that to the extent Plaintiff seeks to obtain an order declaring that his state-court criminal conviction was obtained in violation of his rights guaranteed under the Constitution, he must proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (*Id*. at 2-3.)

Thereafter, Plaintiff filed his application to proceed *in forma pauperis*, together with two documents, both titled "COMPLAINT," and several attachments, including two affidavits, what appears to be a transcript excerpt from his state-court criminal case, and several informal grievances relating to his attempts to obtain his trust fund statement from the CCI cashier. (*See* ECF Nos. 4, 5, and 5-1.) In assessing whether Plaintiff's claims are subject to dismissal under § 1915(e), the undersigned has considered all of these filings together. *See Tolliver v. Noble*, No. 17-3367, --- F. App'x ----, 2018 WL 494491, at *7-8 (6th Cir. Oct. 21, 2018) (collecting cases establishing the principle that "when the pleadings are filed by pro se plaintiffs, the court may consider additional, supporting documents which either serve to elaborate on a complaint or amend the initial filing"). Although Plaintiff named only the State of Ohio in his initial filing, in subsequent filings, he identified the following Defendants: the State of Ohio, CCI, Cody Jenkins, Timothy J. McKenna, R. Bernard Mundy, and Winston Kelly Johnson.

Plaintiff's Complaints and his attachments lack clarity and certainly do not comply with Rule 8(a), but construing his filings liberally, the undersigned finds that Plaintiff may be seeking to advance the following claims: (1) a direct appeal of a judgment the Ohio State Supreme Court entered relating to a state-court criminal conviction; (2) claims for habeas relief; (3) a First Amendment access-to-courts claim; (4) a civil perjury claim; (5) due process claims for lost

property; and (6) attorney-malpractice claims. The undersigned considers each of these claims in turn.

**A.      Direct Appeal**

Plaintiff's initial filing (ECF No. 1) appears to reflect his intent to file a direct appeal from the Ohio Supreme Court's entry of judgment against him in his state-court criminal case. As the Court advised him in the October 1, 2018 Order (ECF No. 3), this Court lacks jurisdiction to adjudicate direct appeals from state-court judgments. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) ("The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters."); *Gottfried v. Med. Planning Servs., Inc*., 142 F.3d 326, 330 (6th Cir. 1998) (citing *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415–16 (1923)) ("*Rooker–Feldman* stands for the simple (yet nonetheless confusing) proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."). Put another way, because only the United States Supreme Court has jurisdiction to correct state-court judgments, if Plaintiff seeks to appeal a decision from the Ohio Supreme Court, he may only do so through filing a petition for writ of certiorari to the United States Supreme Court.

Thus, to the extent Plaintiff filed this action as a direct appeal from the Ohio Supreme Court's entry of judgment against him in his state-court criminal case, it is **RECOMMENDED** that the Court dismiss this action pursuant to § 1915(e)(2).

**B.      Claims for Habeas Relief**

Plaintiff spends much of his Complaint and other filings making allegations he maintains

support his assertion that his trial and appellate counsel in his state-court criminal action provided ineffective assistance in violation of the Sixth Amendment. In the "RELIEF" section of one of his filings, Plaintiff requests that he be "released from prison." (ECF No. 51- at PAGEID # 33.) The scope of habeas corpus is prescribed by statute, specifically 28 U.S.C. § 2241. The United States Supreme Court described the scope and nature of habeas corpus as follows: "It is clear, not only from the language of [§§ 2241(c)(3) and 2254(a)], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, although Plaintiff does not style these claims as such, they are habeas claims, and as advised in the Court's October 1, 2018 Order (ECF No. 3), to proceed on these claims, he must file a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. §§ 2241, 2254; *Preiser*, 411 U.S. at 484.

It is therefore **RECOMMENDED** that the Court dismiss Plaintiff's habeas claims **WITHOUT PREJUDICE** to filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

## C.     First Amendment Access-to-Courts Claim

In an affidavit attached to his Complaint, Plaintiff alleges that he was placed in segregation, which "jeopardized [his] timely filing with the Supreme Court of Ohio because [he] wasn't allowed to access [his] legal documents." (ECF No. 5 at PAGEID # 25.) It appears that Plaintiff is alleging that he was placed in segregation as a result of a conduct report he was issued on August 16, 2018, but it is not clear when he was placed in segregation or how long he was there. From the context of Plaintiff's other filings, it further appears that he is alleging he missed the deadline to appeal his state-court criminal conviction to the Ohio Supreme Court because he could not access his legal documents while in segregation.

Review of the public docket sheet, available on The Supreme Court of Ohio's website,[1] reveals that the Ohio Court of Appeals for the First District of Hamilton County issued its decision and entered judgment on March 23, 2018, and Plaintiff filed a Notice of Appeal and a Motion for Delayed Appeal with the Ohio Supreme Court on June 20, 2018. *See* The Ohio Supreme Court of Ohio Docket Sheet for Case Number 2018-0874, *available at* http://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2018/874; *see also State v. Martin*, 2018-Ohio-1061 (1st Dist. Ohio App. 2018).

Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351-54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins,* 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot be frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536

---

[1] This Court properly takes judicial notice of the state-court dockets relating to Plaintiff's underlying state-court criminal proceedings pursuant to Federal Rule of Evidence 201(b). *Cf. Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("Although typically courts are limited to the pleadings when faced with a motion [to dismiss], a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

The undersigned finds that Plaintiff has failed to allege facts sufficient to state an access claim for at least three reasons. First, even if the Court assumes that Plaintiff was placed in segregation on August 16, 2018, the day the conduct report issued, Plaintiff cannot blame his untimely appeal on his inability to access legal documents in segregation because the due date for his appeal was May 7, 2018, 45 days after the state court of appeals entered judgment. *See* S.Ct.Prac.R. § 6(A)(1) ("To perfect an appeal of right . . . the appellant shall file a notice of appeal in the [Ohio] Supreme Court within forty-five days from the entry of the judgment being appealed."); *State ex rel. v. Court of Common Pleas of Lucas Cty*, 121 Ohio St. 3d 507, 510 (2009) ("If an appeal is filed more than 45 days after the entry of the judgment being appealed, it is untimely and must be dismissed." (citation omitted)). Second, although Plaintiff identifies nonparty John Lawhorn as the individual who issued the conduct report on August 16, 2018, and nonparty Captain J. Reese as the individual who read the conduct report to him, none of his Complaints or attachments identify the individual responsible. In fact, Plaintiff does not even allege that he requested his legal documents and that his request was denied, only generally that he was not allowed access to his documents. Finally, Plaintiff fails to include allegations sufficient for the Court to assess whether he intended to pursue nonfrivolous issues.

Accordingly, to the extent Plaintiff seeks to bring a First Amendment access-to-courts claim, it is **RECOMMENDED** that the Court dismiss this claim pursuant to § 1915(e)(2).

## D.     Civil Perjury

Plaintiff names Winston Kelly Johnson as a Defendant, alleging that Mr. Johnson

fabricated the testimony he offered in Plaintiff's state-court criminal trial. There exists no cognizable civil cause of action for perjury. *See Sutton v. United States Small Bus. Admin.*, 92 F. App'x 112, 118 n.5 (6th Cir. 2003) (noting that 18 U.S.C. § 1621, the federal criminal perjury statute, "is inapposite" to a civil action); *Brown v. J.P. Morgan Chase Bank*, No. 12-10826, 2012 WL 1555418, at *3 (E.D. Mich. Apr. 30, 2012) (concluding that "18 U.S.C. § 1621 does not confer jurisdiction on this Court"); *Young v. City of Columbus*, No. 2:04-cv-673, 2007 WL 107777, at *9 (S.D. Ohio Jan. 9, 2007) (noting that perjury is a criminal offense and that the plaintiff could not bring a civil claim for perjury because Ohio law does not recognize a civil cause of action for perjury).

Accordingly, to the extent Plaintiff seeks to bring a civil cause of action for perjury against Defendant Johnson, it is **RECOMMENDED** that the Court dismiss this claim pursuant to § 1915(e)(2).

**E.      Due Process Claims for Lost Property**

Plaintiff alleges that Defendant Cody Jenkins, a CCI employee, wrongfully took Plaintiff's "intellectual property" (such as novels) and clothing under the guise of labeling it contraband. (Pl.'s Aff., ECF No. 5 at PAGEID # 25; ECF No. 5-1 at PAGEID # 38.) According to Plaintiff, if Defendant Jenkins had employed the proper procedures, including conducting "a proper investigation" and "establish[ing] a deadline for [his items] to become contraband," he would not have lost his property. (*Id.*)

Plaintiff's due process claims relating to the loss of his intellectual property and clothing fail because he has not sufficiently alleged the inadequacy of the remedies available under Ohio law. *See Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986) and *Hudson v. Palmer*, 468 U.S. 517 (1984). In *Parratt*, the Supreme Court held

that the existence of adequate post-deprivation state remedies eliminates any due process claim arising from the negligent deprivation of a prisoner's property. 451 U.S. at 539–44. The *Hudson* Court extended *Parratt's* application to all § 1983 due process claims involving deprivation of property, regardless of whether the deprivation is negligent or intentional. *Hudson*, 468 U.S. at 533–36. *Cf. Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 587–88 (6th Cir. 2004) ("If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury."). Following *Parratt* and *Hudson*, the United States Court of Appeals for the Sixth Circuit held that in a § 1983 case "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065–66 (6th Cir. 1983). Where a plaintiff fails to do so, dismissal for failure to state a claim is appropriate. *See, e.g.*, *Gibbs v. Hopkins*, 10 F.3d 373, 377-78 (6th Cir. 1993) (dismissal of procedural due process claim upheld where the plaintiff had "not pled or shown that [the state] judicial remedies are inadequate . . ."); *Ruiz v. Fisher,* No. 96-4212, 1998 WL 661139, at *5 (6th Cir. Sept. 2, 1998) (concluding that the plaintiff had failed to state a claim of either intentional or negligent deprivation of property where he had not pled "that state remedies for redressing the wrong [were] inadequate"). Here, Plaintiff has failed to sufficiently plead that the post-deprivation tort remedies available to him under Ohio law are inadequate to adjudicate his property-loss claims as required under *Parratt* and *Vicory*. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534–36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses.").

Thus, to the extent Plaintiff seeks to assert a due process claim arising from the seizure of property from his cell, it is **RECOMMENDED** that the Court **DISMISS** this claim pursuant to §

1915(e)(2).

**F.      State-Law Attorney Malpractice Claims**

Plaintiff names his trial and appellate counsel from his state-court criminal case,

attorneys R. Bernard Mundy and Timothy J. McKenna, as Defendants in this action and alleges

that they were "Bad Intention Value Destroyers with deficient and abysmal performances."

(ECF No. 5-1 at PAGEID # 31, 35.)  To the extent Plaintiff seeks to bring state-law attorney

malpractice claims against his attorneys, the undersigned recommends that the Court decline to

exercise jurisdiction over those claims.  Under 28 U.S.C. § 1367(c)(3), the Court may decline to

exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has

original jurisdiction."  The United States Court of Appeals for the Sixth Circuit has held that "[i]f

the federal claims are dismissed before trial, the state claims generally should be dismissed as

well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted).  Here,

the Complaint confirms that Plaintiff and Defendant are citizens of Ohio such that the Court may

not exercise jurisdiction based on diversity of the parties under 28 U.S.C. § 1332.  (Compl. 1,

ECF No. 1.)  Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims.

The undersigned recommends dismissal of Plaintiff's purported federal claims.  Under these

circumstances, pursuant to 28 U.S.C. § 1367(c)(3), the undersigned **RECOMMENDS** that the

Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that

it **DISMISS WITHOUT PREJUDICE** any such claims.

### III.

For the reasons set forth above, Plaintiff's motions for leave to proceed *in forma pauperis*

under 28 U.S.C. § 1915(a)(1) and (2) (ECF Nos. 4 and 5) are **GRANTED**.  In addition, it is

**RECOMMENDED** this Court **DISMISS** this action pursuant to pursuant to § 1915(e)(2) and

without prejudice to Plaintiff advancing his habeas claims through the filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 and his state-law claims in state court.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE