# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HOWARD E. MARTIN, III, | : |
| Plaintiff, | : Case No. 2:18-cv-1147 |
| v. | : JUDGE ALGENON L. MARBLEY |
| STATE OF OHIO, *et al.*, | : Magistrate Judge Vascura |
| Defendants. | : |

## ORDER

This matter comes before the Court on the Magistrate Judge's October 29, 2018, **Report and Recommendation** (ECF No. 6), which recommended that Plaintiff Howard E. Martin III's "Notice to Appeal" (ECF No. 1) be **DISMISSED**. The Magistrate Judge screened the claims upon which Plaintiff did not move for summary judgment pursuant to 28 U.S.C. § 1915(e) and recommended that Plaintiff's claims be **DISMISSED**. The Court hereby **ADOPTS** the Report and Recommendation in its entirety based on the independent consideration of the analysis therein.

## I. BACKGROUND

Following an Ohio State Supreme Court judgment relating to his state-court criminal conviction, Plaintiff, Howard E. Martin III, a state inmate who is proceeding without the assistance of counsel, sought to appeal the judgment by filing a document he labeled "NOTICE OF APPEAL." (ECF No. 1). However, Plaintiff did not include the required filing fee or an application to proceed *in forma pauperis*. (ECF No. 2). As a result, the Magistrate Judge issued a Notice of Deficiency and advised Plaintiff to proceed by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, to the extent he sought an order declaring that his state-court

1

criminal conviction was obtained in violation of his rights guaranteed under the Constitution. (ECF No. 3 2-3). Plaintiff subsequently filed his *in forma pauperis* application along with other documents and attachments, two of which were titled "COMPLAINT." (*See* ECF Nos. 4, 5, and 5-1).

The Magistrate Judge considered these filings together to determine whether they were subject to dismissal under § 1915(e). (ECF No. 6 at 5). After construing Plaintiff's filings liberally, the Magistrate Judge found that Plaintiff may have been seeking to advance the following claims: (1) a direct appeal of a judgment the Ohio Supreme Court entered relating to a state-court criminal case; (2) claims for habeas relief; (3) a First Amendment access-to-courts claim; (4) a civil perjury claim; (5) due process claims for lost property; and (6) state-law attorney malpractice claims. (ECF No. 6 at 5-6).

Plaintiff timely filed an Objection to the Report and Recommendation. (ECF No. 12, 13, 14). In his objection, Plaintiff seems to have appealed each of the above claims and additionally asserted two more claims: (1) a Sixth Amendment right to a fast and speedy trial claim; and (2) an Eighth Amendment Cruel and Unusual Punishment claim. (ECF No. 13).

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

28 U.S.C. § 1915(e)(2) states that when the Court receives a complaint and an application to proceed *in forma pauperis,* "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." A complaint is frivolous if all of the claims made in the complaint lack an arguable or rational basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Further, the well-pleaded averments of the complaint (although not the conclusory ones) must be accepted as true for purposes of determining if a complaint would survive a motion to dismiss for failure to state a claim upon which relief can be granted, assuming such a motion were to be filed under Fed. R. Civ. P. 12(b)(6). *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Finally, the Court keeps in mind the admonition that *pro se* complaints are to be construed liberally in favor of the *pro se* party. *Haines v. Kerner,* 404 U.S. 519 (1972).

### III. LAW AND ANALYSIS

Plaintiff appears to raise the following objections to the Magistrate Judge's Report and Recommendation: (1) a petition for writ of certiorari to the Supreme Court; (2) claims for habeas relief; (3) a First Amendment access-to-courts claim; (4) a claim for civil perjury; (5) due process claims for lost property; and (6) State-law attorney malpractice claims. In addition to these objections, Plaintiff also seems to present two new claims: (1) a Sixth Amendment right to a fast and speedy trial claim; and (2) an Eighth Amendment cruel and unusual punishment claim.

3

### A. Petition for Writ of Certiorari to the Supreme Court

In his initial filing, Plaintiff sought to appeal a decision of the Ohio State Supreme Court. (ECF No. 1). The Magistrate Judge noted in the Report and Recommendation that only the United States Supreme Court has jurisdiction to hear appeals of state-court decisions and advised filing a writ of certiorari with the Court. (ECF No. 6 at 6). In his objection to the Report and Recommendation, it appears Plaintiff instead wishes to file a petition for certiorari to the Supreme Court for review of a decision by the United States District Court for the Southern District of Ohio in which appeal to the Sixth Circuit Court of Appeals was denied. (ECF No. 13 at 8-9). *See Martin v. E.W. Scripps Co.*, No. 1:12CV844, 2013 WL 5876172, at *5 (S.D. Ohio Oct. 30, 2013) (alleging discrimination and retaliation by his former employer, which were ultimately dismissed by the District Court for failure to state a claim for relief).

While Plaintiff's desire to appeal the judgment of the Ohio State Supreme Court was raised before the Magistrate Judge, his desired appeal of the District Court's decision was not raised before the Magistrate Judge and thus waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Petitioner's failure to raise th[e] claim before the magistrate constitutes waiver."). Nevertheless, only the Supreme Court has jurisdiction to review decisions from the "highest court of a State" or decisions of the courts of appeals. 28 U.S.C. §§1254, 1257. Therefore, if a plaintiff seeks review of a decision by the Ohio State Supreme Court or the Sixth Circuit Court of Appeals, despite the apparent waiver, the plaintiff must file a petition for writ of certiorari directly to the Supreme Court in accordance with the "Rules and Guidance" promulgated by the Court. Supreme Court Rule 33.1. Particularly, guidance is provided for litigants to file *in forma pauperis* under Court Supreme Court Rule 33.1. As such, the Magistrate Judge did not err in recommending the Court dismiss this action pursuant to § 1915(e)(2).

### B. Claims for Habeas Relief

Plaintiff maintains the assertion that his trial and appellate counsel in his state-court criminal actions provided ineffective assistance of counsel in violation of the Sixth Amendment. (ECF No. 13). In the Magistrate Judge's Report and Recommendation, these claims were dismissed without prejudice and Plaintiff was advised to instead appropriately proceed with these claims in an application for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 6 at 6-7). However, Plaintiff appears to regard his objection to the Magistrate Judge's Report and Recommendation as his application for writ of habeas corpus and, indeed, titles his objection as "Writ of Habeas Corpus." (ECF No. 13).

An objection to a Magistrate Judge's Report and Recommendation does not constitute an application for writ of habeas corpus; instead, an application for writ of habeas corpus must be filed in accordance with 28 U.S.C. § 2254. Therefore, the Magistrate Judge did not err in recommending the Court dismiss Plaintiff's habeas claims without prejudice and instruction to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. Accordingly, Plaintiff's Motion to Enforce Habeas Corpus (ECF No. 23) is also dismissed without prejudice.

### C. First Amendment Access-to-Courts Claim

Plaintiff further maintains his assertion that his constitutional right of access to the courts was hindered due to his placement in segregation by prison officials. (ECF No. 13 at 4-7). The Magistrate Judge dismissed this claim for Plaintiff's failure to allege facts sufficient to state an access to the courts claim. (ECF No. 7-9.) According to the Report and Recommendation, even if placed in segregation on April 19, 2018 and August 16, 2018, Plaintiff failed to account for his failure to file before the due date of his appeal on May 7, 2018. (*Id.* at 9). Second, Plaintiff failed to identify an individual responsible, aside from the corrections officers who read him the

conduct reports that apparently led to his segregation. (*Id.* at 9). Finally, Plaintiff further failed to include allegations that he intended to pursue a non-frivolous claim. (*Id.* at 9).

Under the First and Fourteenth Amendments, prisoners have the right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-54 (1996). In order to state a claim that a state actor has violated the right of access, a plaintiff must allege an "actual injury," as well as demonstrate non-frivolous grounds for his claim. *Id*. at 349, 353. First, even if placed in segregation on April 19, 2018, Plaintiff still fails to allege resulting actual injury. In his Objection, Plaintiff asserts that he did indeed file a timely appeal with the Ohio State Supreme Court, despite his stint in segregation, but that it was rejected as "insufficient and incomplete." He further fails to provide allegations that would allow the Court to determine whether he intended to pursue a non-frivolous claim. As a result, the Magistrate Judge did not err in recommending the Court dismiss Plaintiff's claim pursuant to §1915(e)(2).

### D. Civil Perjury

Plaintiff appears to maintain his allegation that Winston Kelly Johnson, a witness in Plaintiff's state-court criminal trial, fabricated his testimony. (ECF No. 13 at 2). In the Magistrate Judge's Report and Recommendation, this claim is dismissed because no cognizable civil cause of action for perjury exists. (ECF No. 6 at 9-10). *See Sutton v. United States Small Bus. Admin.*, 92 F. App'x 112, 118 n.5 (6th Cir. 2003). Thus, to the extent that Plaintiff maintains his allegations of perjury against Johnson, the Magistrate Judge did not err in recommending the Court dismiss this claim pursuant to § 1915(e)(2).

### E. Due Process Claims for Lost Property

Plaintiff continues to assert that his property was confiscated in violation of his constitutional rights. (ECF No. 13 at 6-7). The Magistrate Judge dismissed this claim having

6

found that Plaintiff failed to sufficiently plead that the post-deprivation tort remedies available to him were inadequate to adjudicate the loss of his property. (ECF No. 6 at 10-12). In his Objection, Plaintiff maintains his assertion that his property was wrongly considered contraband and ultimately confiscated by corrections officers. (ECF No. 13 at 6-7).

When asserting a claim for the "deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983). Though Plaintiff maintains his assertion that his property was wrongly confiscated in his Objection, he still fails sufficiently to plead or prove that remedies under Ohio law are inadequate for the proper adjudication of his property loss claims. Therefore, the Magistrate Judge did not err in recommending the Court dismiss his due process claim relating to the confiscation of his property pursuant to § 1915(e)(2).

### F. Sixth Amendment Right to Speedy Trial

Plaintiff asserts that he was denied the right to a fast and speedy trial in violation of Ohio and federal law based on his incarceration for more than 90 days before being brought to trial. (ECF No. 13 at 3-4). Pursuant to Ohio Revised Code § 2945.71(C)(2), an individual charged with a felony under Ohio law, "[s]hall be brought to trial within two hundred seventy days after the person's arrest." When calculating an individual's statutory right to a speedy trial, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." Ohio Rev. Code § 2945.71(E).

In his Objection, Plaintiff appears to assert that his trial counsel, Raymond Fuller, misrepresented a waiver of the right to speedy trial, and that had Plaintiff understood the implications of signing the waiver, he would not have done so. (ECF No. 13 at 3). Under both

Ohio and federal law, a defendant may waive his right to a speedy trial. *Westlake v. Cougill*, 56 Ohio St. 2d 230, 233 (1978); *Zedner v. U.S.*, 547 U.S. 489, 500-01 (2006) (acknowledging the ability of a defendant to waive the right to a speedy trial, but with certain limitations). Here, it appears Plaintiff's claim relates to the validity of his waiver based on the conduct of counsel. As such, this claim should more appropriately be raised in a petition for writ of habeas corpus filed in accordance with 28 U.S.C. § 2254.

Therefore, notwithstanding Plaintiff's otherwise failure to raise this claim before the Magistrate Judge, this claim is dismissed without prejudice to filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.

### G. Eighth Amendment Cruel and Unusual Punishment Claim

In his objection, Plaintiff asserts that prison officials have failed to provide him with adequate and weather-appropriate clothing, as well as sterile medical supplies. (ECF No. 15 at 7-8). Under the Eighth Amendment and the Due Process Clause, the State has an obligation to provide for the "basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety" of the individuals it detains. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 200 (1989). For challenges to the validity or duration of an inmate's confinement, claims are properly brought through a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *Hill v. McDonough*, 547 U.S. 573, 579 (2006). However, challenges to the conditions of an inmate's confinement are outside the "province of habeas corpus," but may be brought pursuant to 42 U.S.C. § 1983. *Hill*, 547 U.S. at 579.

In order to bring a § 1983 claim, a plaintiff must plead that: (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S.

527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom, Brandon v. Holt*, 469 U.S. 464 (1985).

Because Plaintiff's claim was not raised before the Magistrate Judge, but first raised in his objection to the Magistrate Judge's final Report and Recommendation, the claim is deemed waived. As such, the Court will dismiss this claim without prejudice and the Plaintiff may properly plead his cause of action pursuant to § 1983 in a Complaint before the Court.

### H. State-Law Attorney Malpractice Claims

Throughout his Objection, Plaintiff appears to maintain his assertion that his trial and appellate counsel were "Bad Intention Value Destroyers" who provided deficient performances. (ECF No. 13). To the extent that these allegations might constitute state-law attorney malpractice claims, the Magistrate Judge recommended the Court decline to exercise supplemental jurisdictions pursuant to 28 U.S.C. § 1367(c)(3).

A court may decline to exercise supplemental jurisdiction when the court "has dismissed all claims over which it has original jurisdiction" under 28 U.S.C. § 1367(c)(3). Furthermore, "[i]f the federal claims are dismissed before trial, that state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, no diversity jurisdiction exists under 28 U.S.C. § 1332, because the according to the Complaint, the Plaintiff and Defendants are citizens of Ohio.

Because each of Plaintiff's federal claims are dismissed and because the Court may not exercise jurisdiction based on diversity of the parties, the Magistrate Judge did not err in recommending that the Court decline to exercise supplemental jurisdiction over these claims and dismiss without prejudice.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's claims including: (1) the petition for writ of certiorari to the Supreme Court of the United States; (2) First Amendment access-to-courts claim; (3) claim of civil perjury; and (4) due process claims for lost property are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. Plaintiff's claims for habeas relief and a Sixth Amendment right to a fast and speedy trial claim are **DISMISSED WITHOUT PREJUDICE** for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Plaintiff's claim for under the Eighth Amendment for cruel and unusual punishment is **DISMISSED WITHOUT PREJUDICE** for filing a claim under 42 U.S.C. § 1983. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Plaintiff's state-law attorney malpractice claim, and therefore the claim is **DISMISSED WITHOUT PREJUDICE**. Subsequent motions are **DENIED AS MOOT.**

IT IS SO ORDERED.

                                              **s/ Algenon L. Marbley**
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED: June 5, 2019**